UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CR-60113-LEIBOWITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTEN BETH SWIFT,

    Defendant.
_____/

## PRETRIAL DETENTION ORDER

Pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, the Court held a hearing on September 24, 2024, to determine whether Defendant Kristen Beth Swift should be detained prior to trial. Assistant United States Attorney Michael Porter appeared on behalf of the Government. Deputy United States Marshal Keith Lawson appeared. Assistant Federal Public Defender Robert Berube appeared on behalf of Defendant, who was present.

A.  INTRODUCTION

Defendant is charged by Indictment with escape from federal custody, in violation of 18 U.S.C. § 751(a). DE 3. She faces a maximum sentence of five years' imprisonment if she is convicted. The Government moved under 18 U.S.C. § 3142(f)(2)(A) for her pretrial detention on the basis that there is a serious risk that she will flee if she is not detained.

B.  FINDINGS OF FACT

During the hearing, the Court took judicial notice of the Indictment [DE 3], the Criminal Complaint [DE 1], the Pretrial Services Report, and the Government's written factual proffer

[DE 13]. Deputy Marshal Lawson testified under oath. The Court considered all of the evidence in making its findings.

### 1. The Government's Proffer

According to the Government's written factual proffer, on September 15, 2022, Defendant was convicted in the Southern District of Florida of conspiracy to possess with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846. *See United States v. Swift*, 2:22-cr-14032-DMM (S.D. Fla.). She was sentenced to 40 months' imprisonment followed by 4 years' supervised release and was committed to the custody of the United States Bureau of Prisons ("BOP").

Defendant later applied for a furlough, signing a furlough application in which she affirmed in part:

> I understand that if approved, I am authorized to be only in the area of the destination shown on the Furlough Application and at ordinary stopovers or points on a direct route to or from that destination. I understand that my furlough only extends the limits of my confinement and that I remain in the custody of the Attorney General of the United States. If I fail to remain within the extended limits of this confinement, it shall be deemed as escape from custody of the Attorney General, punishable as provided in Section 751 of Title 18, United States Code. . . . I have read or had read to me, and I understand that the foregoing conditions govern my furlough, and will abide by them.

The BOP transferred Defendant from FCI Tallahassee to Dismas House Charities, Inc. Residential Reentry Center in Dania Beach, Florida on April 17, 2024. On May 14, 2024, she was granted permission to leave Dismas House to apply for a job and was required to return to Dismas House immediately after completing the job application. However, she failed to return to Dismas House, the BOP issued a Notice of Escaped Federal Prisoner the following day, and members of the United States Marshals Service began to search for her. Officers with the Broward Sheriff's Office eventually arrested Defendant on September 13, 2024.

In addition to her federal conviction of conspiracy to possess with the intent to distribute methamphetamine, Defendant has prior Florida felony convictions that include possession of oxycodone, solicitation of the sale/delivery of morphine, dealing in stolen property, retail theft, possession of heroin, bribery of a public servant, aggravated assault with a deadly weapon, and possession of cocaine.

**2. Deputy Marshal Lawson's Testimony**

Deputy Marshal Lawson adopted the Government's written factual proffer as part of his testimony. Deputy Marshal Lawson further testified that he was involved in trying to locate Defendant after she failed to return to Dismas House. On July 6, 2024, Defendant called another Deputy Marshal in Fort Pierce, Florida, and that Deputy Marshal advised her that she needed to turn herself in. Deputy Marshal Lawson was not present at the time of Defendant's arrest. However, he understood that she was cooperative with the Broward Sheriff's Office while she was being arrested. Deputy Marshal Lawson was unaware whether Defendant was read the *Miranda* warnings, had any contraband on her person, or gave any statements at the time of her arrest.

**C. THE PARTIES' ARGUMENTS REGARDING DETENTION**

The Government moved under 18 U.S.C. § 3142(f)(2)(A) for Defendant's pretrial detention on the basis that there is a serious risk that she will flee if she is not detained. The Government argued in support of detention that the charge itself—escape from federal custody—shows that Defendant poses a flight risk. She was aware that law enforcement was searching for her, and she did not turn herself in. She has a lengthy criminal record of felony convictions.

Defense counsel declined to make an argument in rebuttal, given that Defendant has yet to finish her federal term of imprisonment.

### D. THE COURT'S CONCLUSIONS REGARDING DETENTION

The Court has considered the factors in 18 U.S.C. § 3142(g), the evidence, the parties' arguments, and the entire record. The Court concludes that Defendant should be detained pending trial for the reasons stated below and stated on the record during the hearing.

Considering the § 3142(g) factors, first, the nature and circumstances of the offense are that Defendant received a furlough while in BOP custody, was transferred to a residential reentry center, was granted permission to leave to apply for a job, and did not return to the residential reentry center as required, even though she knew she was supposed to return. Further, she spoke to a Deputy Marshal in July 2024 who told her to turn herself in, she did not do so, and she was not arrested until September 2024. Second, the weight of the evidence against Defendant is great, and she now faces a new sentence in addition to the remainder of her sentence for her conspiracy conviction. Third, as for Defendant's history and characteristics, she has resided in South Florida for most of her life, and her parents live in the Stuart, Florida area. She was serving a 40-month sentence at the time of the instant offense, has numerous felony convictions, and has multiple violations of probation conditions. According to the Pretrial Services Report, Defendant's criminal history includes 2005 convictions of possession of oxycodone and solicitation to sell or deliver morphine (for which she violated probation conditions); a 2005 conviction of dealing in stolen property; a 2006 conviction of felony retail theft (for which she violated probation conditions); 2008 convictions of driving under the influence, possession of heroin, and bribery of a public servant; 2009 convictions of robbery, battery on an elderly person, and aggravated assault with a deadly weapon (for which she violated conditions of conditional release supervision); a 2020 conviction of possession of a controlled substance (for which she failed to appear); a 2021 conviction of possession of cocaine; and a 2022 conviction of conspiracy to possess with intent to

distribute five grams or more of methamphetamine. Based on these factors and the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance.

Accordingly, it is hereby **ORDERED** that the Government's Motion for Pretrial Detention [DE 15] is **GRANTED**. Defendant Kristen Beth Swift shall be remanded to the custody of the United States Marshals. The Court directs that she be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver her to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 1st day of October, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE